UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARLOWE BROWN, | No. 2:12-cv-02458-MCE-CKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES DISTRICT COURT, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is a motion for reconsideration (ECF No. 12) of the Magistrate Judge's October 29, 2012, Findings and Recommendations (ECF No. 8).

Petitioner filed the instant habeas petition on September 28, 2012. (ECF No. 1.) On October 29, 2012, Magistrate Judge Delaney issued Findings and Recommendations dismissing the petition without prejudice. (ECF No. 8 at 2.) Petitioner filed objections to the Findings and Recommendations on November 9, 2012. (ECF No. 9.) On December 5, 2012, this Court conducted a de novo review of the October 29 Findings and Recommendations. The Court found the Findings and Recommendations to be supported by the record and proper analysis, and adopted them in full. (ECF No. 10.)

1

1   In the same order, the Court dismissed without prejudice Petitioner's application for a
2   writ of habeas corpus, closed the case, and declined to issue a certificate of
3   appealability. (Id.) On December 17, 2012, Petitioner filed the instant Request for
4   Reconsideration of the Magistrate Judge's Findings and Recommendations. (ECF
5   No. 12.)
6       Pursuant to Eastern District of California Local Rule 303(f), a magistrate judge's
7   order shall be upheld unless "clearly erroneous or contrary to law." Upon review of the
8   entire file, the Court finds that the magistrate judge's ruling was not clearly erroneous or
9   contrary to law. Contrary to Petitioner's assertions, 28 U.S.C. § 636(b)(1)(B) does not
10  confer any duty on a magistrate judge to hold an evidentiary hearing.[1]  Moreover, Judge
11  Delaney correctly determined that Petitioner's instant petition is successive, the filing of
12  which requires Petitioner to obtain Ninth Circuit permission. A petition is second or
13  successive if it makes "claims contesting the same custody imposed by the same
14  judgment of a state court" that the petitioner previously challenged, and on which the
15  federal court issued a decision on the merits. Burton v. Stewart, 549 U.S. 147 (2007);
16  see also Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). Before filing a second or
17  successive petition in a district court, a petition must obtain from the appellate court, in
18  this case the Ninth Circuit, "an order authorizing the district court to consider the
19  application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the
20  district court is without jurisdiction to consider a second or successive petition. See
21  Burton, 549 U.S. 147. "Where a first petition is denied as time barred, a second petition
22  on the same grounds is considered a second or successive petition that is subject to the
23  restrictions set out in 28 U.S.C. § 2255 and § 2244(a)."
24  ///
25  ///

---

[1] 28 U.S.C. § 636(b)(1)(B) provides: "[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."

Riba v. United States, No. CV-F-05-1392 AWI, 2009 WL 667154, at *1 (March 13, 2009); see also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

In the present action, Petitioner challenges his 2004 conviction for attempted murder, infliction of corporal injury upon a cohabitant, and assault with a deadly weapon. These convictions resulted in a sentence of twenty-five years to life plus sixteen years in state prison. Judge Delaney correctly found that Petitioner challenged the same conviction in case number 2:09-cv-03241-JAM. The operative Third Amended Petition was filed in that action on March 22, 2010 (ECF No. 12), and was dismissed as time-barred on January 14, 2011 (ECF No. 25). Petitioner appealed the dismissal, and the Ninth Circuit affirmed. (ECF No. 33.) Therefore, Petitioner now challenges the same judgment that he previously challenged and which was adjudicated on the merits in the prior action. See supra. Thus, Petitioner's September 28, 2012, petition is "successive" under § 2244(b). Petitioner offers no evidence that the Ninth Circuit has authorized this Court to consider his successive petition.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration (ECF No. 12) is DENIED and the action remains closed.

Dated: January 15, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

3